UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FICHES, et al.,<br><br>　　　　Defendant. | Case No.: 1:22-cv-00715 BAK (SKO) (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Marvin Harris, a state prisoner, is proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff filed an application to proceed *in forma pauperis* on June 14, 2022. (Doc. 2.)

Because Plaintiff has accrued more than three "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that his motion be denied.

**I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice of ten of Plaintiff's prior lawsuits that were dismissed as frivolous, as malicious, or for failure to state a claim[1]: (1) *Ripple and Harris v. Gomez, et al.*, Case No. 1:96-cv-05284-REC-SMS (E.D. Cal.) (dismissed on April 29, 1996, as frivolous); (2) *Harris and Ripple v. Hickey, et al.*, Case No. 1:97-cv-05186-REC-HGB (E.D. Cal.) (dismissed on July 28, 1997, as frivolous); (3) *Harris v. Coyle*, Case No. 1:97-cv-05508-AWI-DLB (E.D. Cal.) (dismissed on January 21, 1999, as frivolous and malicious and for failure to state a claim); (4) *Harris v. Glass*, Case No. 2:00-cv-00937-DFL-DAD (E.D. Cal.) (dismissed on August 17, 2000, for failure to state a claim); (5) *Harris v. Edmonds*, Case No. 1:00-cv-05857-OWW-LJO (E.D. Cal.) (dismissed on November 27, 2000, for failure to state a claim); (6) *Harris v. Pliler, et al.*, Case No. 2:01-cv-01125-WBS-DAD (E.D. Cal.) (dismissed on March 15, 2002, for failure to state a claim); (7) *Harris v. Edmonds*, Case No. 1:00-cv-07160-REC-SMS (E.D. Cal.) (dismissed on May 24, 2002, for failure to state a claim); (8) *Harris v. Virga*, Case No. 2:13-cv-00932 GEB-AC (E.D. Cal.) (dismissed on July 8, 2013, as frivolous); (9) *Harris v. Harris, et al*., Case No. 2:14-cv-00977-KJM-KJN (E.D. Cal.) (dismissed on July 31, 2014, as frivolous and for failure to state a claim); and (10) *Harris v. Campell, et al*., Case No. 1:18-cv-01659-DAD-JLT (E.D. Cal.) (dismissed on April 30, 2020, for failure to state a claim and failure to obey court orders). Each of these actions was dismissed prior to the commencement of the current action on June 14, 2022. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff makes several unrelated allegations. For example, Plaintiff alleges he was removed from a prison job without "justifiable reason," that his

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

mail is delayed and/or delivered to other inmates, that the warden is "week" [sic] and "can't control her own staff," that staff are "retainer outlaws" who "steals inmate stimulus check" and retaliate "without justifiable reason." (*See* Doc. 1 at 3, 4, 9.) Plaintiff does not allege or suggest that he is under imminent danger of serious physical injury. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action.

### III. ORDER AND RECOMMENDATIONS

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 16, 2022**            /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE